UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
CHARLES CARNEGLIA,

                           Petitioner,

      -against-

UNITED STATES,

                           Respondent.
----------------------------------------------------X

**MEMORANDUM OF DECISION AND ORDER**
03-CV-6388 (ADS)(ARL)

**APPEARANCES:**

**CHARLES CARNEGLIA**
Petitioner, *Pro Se*
#08733-016
FCI- Fort Dix Building 5752
P.O. Box 2000 East
Fort Dix, New Jersey 08640

**ROSLYNN R. MAUSKOPF**
**UNITED STATES ATTORNEY**
**EASTERN DISTRICT OF NEW YORK**
Attorney for Respondent
147 Pierrepont Plaza
Brooklyn, New York 11201
       By:    Andrew Genser, Assistant United States Attorney

**SPATT, District J.**

Charles Carneglia ("Carneglia" or the "petitioner") petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 ("Section 2255"). The petitioner seeks to vacate the judgment of conviction and sentence imposed following trial by jury on the ground of ineffective assistance of counsel. For the reasons stated below, the petition is denied.

**I.     BACKGROUND**

The petitioner is an admitted associate of the Gambino Crime Family. The Government charged the petitioner with multiple crimes stemming from his alleged involvement in the extortion of two adult entertainment businesses known as "Cherry's Video" and the "Forbidden Fruit.". Following a jury trial, the petitioner was convicted of only one charge: conspiracy to commit extortion in violation of 18 U.S.C. § 1951, for his activities relating to "Cherry's Video." The petitioner was acquitted of various other charges including extortion, attempted extortion, and loansharking conspiracy. On November 2, 2001, a judgment of conviction was entered. United States District Judge Jacob Mishler ultimately sentenced the petitioner to a term of sixty-three months in prison and three years of supervised release. The petitioner was also required to a pay a one hundred dollar special assessment.

The petitioner appealed, challenging (1) the district court's empaneling of an anonymous jury; (2) the admissibility of certain expert testimony presented at the trial; (3) the sufficiency of the evidence supporting the conviction; and (4) the sufficiency of the evidence supporting the base offense level imposed at sentencing. The petitioner also raised several due process claims regarding the admissibility of certain testimony at trial and the Government's summation. The Second Circuit Court of Appeals affirmed the petitioner's conviction and sentence. United States v. Carneglia, No. 01-1585(L), 47 Fed. Appx. 27, 2002 WL 31097569 (2d Cir. 2002).

The petitioner has had different representation at various steps of his criminal proceeding. At his preliminary hearing and arraignment the petitioner was represented by Ron Rubinstein Esq. of the firm of Rubinstein & Corozzo, P.C., and Robert Gottlieb Esq. of the Law Offices of Robert C. Gottlieb. At trial and at sentencing the petitioner was represented by Joseph Corozzo Esq. of Rubinstein & Corozzo. On appeal, the petitioner was represented by Robert Moore Esq. of the firm of Fine & Bassik. The basis of the current petition is that both his trial and appellate counsel failed to provide effective assistance, as guaranteed by the Sixth Amendment to the United States Constitution.

The petition raises four charges of ineffectiveness at the pre-trial, trial, and appeal levels: (1) his attorneys failed to investigate or prepare for trial; (2) his attorney convinced him to "unwillingly yield" to counsel's recommendation that he not testify at the trial; (3) exculpatory evidence was not shown to the jury; (4) his attorney failed to appeal the admissibility of certain tapes of recorded conversations.

## II. DISCUSSION

### A. Standard of Review

Section 2255 provides a post conviction remedy for federal prisoners similar to the historic writ of habeas corpus available to state prisoners that is now codified in Section 2255. Pursuant to Section 2255, a federal prisoner in custody "may move the court which imposed the sentence to vacate, set aside or correct the sentence" on the

basis that it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

As stated by the Second Circuit, "because requests for habeas corpus relief are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." Ciak v. United States, 59 F.3d 296, 301 (2d Cir. 1995), abrogated on other grounds by Mickens v. Taylor, 535 U.S. 162 (2002); see also United States v. Frady, 456 U.S. 152, 165 (1982). As a result, prisoners seeking habeas corpus relief pursuant to Section 2255 must show both that their rights were violated, and that this violation resulted in "substantial prejudice" or a "fundamental miscarriage of justice." Ciak, 59 F.3d at 301.

### B. Procedural Default

"A motion under § 2255 is not a substitute for an appeal." United States v. Munoz, 143 F.3d 632, 637 (2d Cir. 1998). In Section 2255 proceedings, the Supreme Court has recognized the rule of procedural default or "exhaustion" of federal remedies. Reed v. Farley, 512 U.S. 339, 354, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994). Generally, the rule bars the presentation of a claim through a writ of habeas corpus where the petitioner failed to properly raise the claim on direct review. Id. If

4

the claim has not been presented on direct review, the procedural bar may be waived only if the petitioner establishes (1) "cause" for the waiver and "actual prejudice" from the alleged violations; or (2) "actual innocence." Bousley v. United States, 523 U.S. 614, 622, 118 S. Ct. 1604, 1611, 140 L. Ed. 2d 828 (1998); Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1998); see also Smith v. Murray, 477 U.S. 527, 537, 106 S. Ct. 2661, 2667-68, 91 L. Ed. 2d 434 (1986); Murray v. Carrier, 477 U.S. 478, 485, 106 S. Ct. 2639, 2643-44, 91 L. Ed. 2d 397 (1986); Wainwright v. Sykes, 433 U.S. 72, 87, 97 S. Ct. 2497, 2506-07, 53 L. Ed. 2d 594 (1977); Douglas v. United States, 13 F.3d 43, 46 (2d Cir. 1993).

However, this traditional procedural default rule generally does not apply to claims of ineffective assistance of counsel. Massaro v. United States, 538 U.S. 500, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003). In Massaro, the Supreme Court held that ineffective assistance claims are appropriately litigated in the context of a collateral challenge in the district court and not on direct appeal. Id. at 504-05, 123 S. Ct. 1690; accord United States v. Dominguez Benitez, 542 U.S. 74, 83 n. 9, 124 S. Ct. 2333, 159 L. Ed. 2d 157 (2004). This is so because the record is not developed precisely for the object of litigating the ineffective assistance claim, but instead is devoted to issues of guilt or lack of guilt. Massaro, 538 U.S. at 504-05, 123 S. Ct. 1690. Thus, as the Government concedes, the petitioner's failure to challenge the effectiveness of counsel earlier does not procedurally bar him from raising that issue in this proceeding.

Finally, the Court is mindful that the petitioner is proceeding pro se and that his submissions must be liberally construed in favor of the petitioner. See Chang v. U.S., 250 F.3d 79, 86 n.2 (2d Cir. 2001).

**C.    Ineffective Assistance of Counsel**

To establish ineffective assistance of counsel, a petitioner must demonstrate: (1) that his counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); see also Larrea v. Bennett, 368 F.3d 179, 183 (2d Cir. 2004). The test set forth in Strickland applies equally to claims of ineffective assistance of appellate counsel. Covington v. Lord, 275 F. Supp. 2d 352, 356 (E.D.N.Y. 2003) ("Although the Strickland test was formulated in the context of an ineffective assistance of trial counsel claim, the same test is used with respect to claims of ineffective assistance of appellate counsel.").

In evaluating the first prong of this test, the Court must " 'indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' bearing in mind that '[t]here are countless ways to provide effective assistance in any given case' and that '[e]ven the best criminal defense attorneys would not defend a particular client in the same way.' " United States v.

6

Aguirre, 912 F.2d 555, 560 (2d Cir. 1990) (quoting Strickland, 466 U.S. at 689, 104 S. Ct. 2052)) (alterations in original); see also Larrea, 368 F.3d at 183.

As for the second prong, to show prejudice, a defendant must demonstrate " 'that there is a reasonable probability that, but for counsel's unprofessional performance, the outcome of the proceeding would have been different.' " United States v. Levy, 377 F.3d 259, 264 (2d Cir. 2004) (quoting United States v. Gordon, 156 F.3d 376, 379 (2d Cir. 1998)). " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " Id. (quoting Strickland, 466 U.S. at 694, 104 S. Ct. 2052)). "The court's central concern is not with 'grading counsel's performance' but with discerning 'whether despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results.' " Aguirre, 912 F.2d at 560 (2d Cir. 1990) (quoting Strickland, 466 U.S. at 696-97, 104 S. Ct. 2052).

Because "it is all too tempting for a defendant to second-guess counsel's assistance after conviction," Strickland, 466 U.S. at 689, 104 S. Ct. 2052, the Second Circuit has instructed that a reviewing court should be "highly deferential" in assessing counsel's performance. See Pratt v. Greiner, 306 F.3d 1190, 1196 (2d Cir. 2002) (quoting Strickland, 466 U.S. at 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674).

Although the test for ineffective assistance of counsel contains two prongs, the Supreme Court specifically noted that federal district courts need not address both components if a petitioner fails to establish either one. Strickland, 466 U.S. at 697, 104 S. Ct. 2052. In particular, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id.

### D. As to the Effectiveness of the Petitioner's Representation

As noted above, a Court need not examine a petitioner's claims under both prongs of the Strickland analysis if those claims are plainly deficient under either one. In this case, the petitioner's claims of ineffective assistance of counsel fail in the absence of demonstrable prejudice. The petitioner assigns four causes of error in the performance of his attorneys during his criminal proceeding. Each claim will be addressed in turn.

#### 1. Failure to Prepare and Put Forth a Defense

The petitioner's first claim of ineffective assistance is based on his contention that his lawyer failed to prepare a proper defense because counsel did not interview a list of witnesses provided by the petitioner. (Petr's Mot. 5.) The petitioner's trial counsel admits the he did not interview several individuals. (Petr.'s Aff. Ex. A 1 ¶ 3.) Under these circumstances, the petitioner must establish what these additional witnesses would have testified to and, equally as important, that they would

in fact have testified.  See McCarthy v. United States, 02 Civ. 9082 (LAK), 2004 WL 136371, 2004 U.S. Dist. LEXIS 705, *53 (S.D.N.Y. Jan. 23, 2004) ("Courts have viewed claims of ineffective assistance of counsel skeptically when the only evidence of the import of a missing witness' testimony is from the petitioner.") (citations omitted).

Here, significantly, the petitioner has not provided affidavits from the potential witnesses nor any assurance that they would have appeared at trial had counsel interviewed them.  See McCarthy, 2004 U.S. Dist LEXIS 705, at *52 (denying the petitioner's ineffective assistance claim because petitioner failed to produce affidavits from proposed witnesses showing that they would have testified at trial).  Rather, the petitioner merely speculates as to what he believes those witnesses would have testified to. (Petr.'s Reply 12-16.)  Accordingly, the petitioner's ineffective assistance of counsel claim based on his attorneys failure to investigate and interview certain witnesses is denied.

### 2. The Petitioner's Failure to Testify

Second, the petitioner alleges that his conviction should be vacated because his attorney "forced" him not to testify, against his wishes.  "A defendant in a criminal case has a constitutional right to testify on his own behalf."  Rega v. United States, 263 F.3d 18, 21 (2d Cir. 2001) (citing Rock v. Arkansas. 483 U.S. 44, 49-51 (1987)).  It is the duty of trial counsel to ensure that the defendant is informed of this right.  Id.

Here, the petitioner argues that he was "forced" to decline to testify on his own behalf, in violation of his constitutional right to do so. (Petr.'s Mot. 5.) It is undisputed that the petitioner was counseled against appearing as a witness. In fact, the petitioner's lawyer submitted an affidavit in which he states that he "strongly counseled" the petitioner not to testify. (Petr.'s Aff. Ex. A. ¶ 5.) Under the facts of this case, the Court finds that this advice did not fall below any standard of objective reasonableness considering the cumulative evidence offered against the petitioner and his known ties to organized crime. Had the petitioner testified, it is likely that effective cross examination would elicit detrimental information that would outweigh whatever benefits that could be derived from his testimony. However, the Court need not definitively decide the issue because the petitioner has failed to establish, by a reasonable probability, that the outcome of the case would have been different had he testified.

At the trial, the Government introduced seventy tape-recorded conversations of the defendant and co-conspirators, video and photographic surveillance, and handwritten daily diary notes written by the petitioner, containing incriminating evidence. There was also damaging testimony by the extortion victim, a cooperating witness, and the expert testimony of Special Agent Gregory Hagarty.

The petitioner claims that he would have rebutted wire tapped conversations that implicated him in the extortion conspiracy. (Petr.'s Reply 6.) In addition,

Carneglia argues that he would have rebutted Special Agent Hagarty's testimony regarding the correct interpretation of certain notes written in the petitioner's diary. (Petr.'s Reply 8.) For the petitioner to succeed on this claim, he would have to show that there is a reasonable probability that, had the petitioner testified, the jury would have credited this self-serving testimony on these issues notwithstanding the testimony of the Government's witnesses and the entire body of incriminating evidence against him. See Rega v. United States, 263 F.3d 18, 22 (2d Cir. 2001). In light of the overwhelming evidence of guilt produced at the trial, the Court finds it highly unlikely that the petitioner's testimony would have led to his acquittal. Accordingly, the Court rejects the petitioner's claim that he was denied effective assistance of counsel because of his failure to testify.

### 3. Failure to Present Exculpatory Evidence

The petitioner's last claim regarding his representation at trial is that his lawyer refused to present exculpatory evidence to the jury. According to the petitioner, there exists an audio-tape of a wire-tapped conversation that took place on June 2, 2000. The petitioner claims that he can be heard on the tape speaking to a Government witness and disclaiming any knowledge of the existence of the extortion. In support of this claim, the petitioner submitted an affidavit in which his trial lawyer states that he "did not play at trial, the tape of an electronically eavesdropped

conversation dated June 2, 2000." (Petr.'s Aff. Ex. A ¶ 4.) The attorney's affidavit makes no representation as to what statements can be heard on the tape.

The Government does not dispute that there was a tape of a wire-tapped conversation that took place on June 2, 2000, and that this tape was produced to the petitioner during discovery. (Govt.'s Mem. 17.) The Government does dispute the petitioner's claim that he can be heard on the tape denying the existence of the alleged extortion.

In the Court's opinion, whether or not the statements were made on the tape or not is immaterial. Assuming the statements exist on the tape as the petitioner contends, they relate only to the extortion activities associated with the "Forbidden Fruit" business. The petitioner was acquitted of all charges stemming from his activities concerning the "Forbidden Fruit." (Govt.'s Mem. Ex. A, Trial Tr. at 2143-44) He was convicted only of one conspiracy charge related to the extortion of "Cherry's Video." Thus, the petitioner was not prejudiced by the failure to produce this tape. Accordingly, the petitioner's application for habeas corpus relief based on the ineffective assistance of trial counsel is denied.

        4.      **Appellate Counsel**

The petitioner's final claim is that his lawyer on his appeal was ineffective because he failed to appeal with regard to the admissibility of certain tapes of recorded conversations. On the tapes were statements from one individual relaying the

petitioner's instructions to another individual to "go to that place" and collect extortion money. (Govt.'s Reply 18.) The District Court admitted the tapes into evidence over the objection of defense counsel.

The petitioner suggests no legal basis upon which the trial court's admission of this evidence should be disturbed. The statements appear relevant as to the existence of the conspiracy between the individuals. Also, the statements are of the type deemed "not hearsay" by Rule 801(d)(1)(E) of the Federal Rules of Evidence (co-conspirator statements made during the course of and in furtherance of the conspiracy). In addition, there was substantial other evidence establishing the petitioner's guilt. Thus, the petitioner has failed to establish that, had appellate counsel appealed the admissibility of this tape recording, the Second Circuit would have vacated his conviction. Accordingly, the petition for habeas corpus relief based on the failure to appeal on this ground is denied.

In addition, on the subject of appellate counsel, the Government suggests an alternate possible interpretation for the petitioner's application with regard to appellate counsel. The Government contends that petitioner argues that his lawyer on appeal was ineffective because he failed to raise the petitioner's ineffective claims directed at trial counsel. (Govt.'s Reply 11.) Essentially, this is an argument that appellate counsel failed to make the same claims as were raised in this Section 2255 petition. The Court reviewed these claims and has determined that the petitioner suffered no

prejudice as a result of the alleged ineffectiveness of trial counsel. Therefore, the petitioner was not prejudiced by his appellate lawyer's failure to raise the identical claims on appeal. Accordingly, the petitioner's application for habeas corpus relief based on the ineffective assistance of appellate counsel is denied.

**III.   CONCLUSION**

For the reasons stated above, the Court DENIES Charles Carneglia's petition for a writ of habeas corpus. Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED, as the Petitioner fails to make a substantial showing of a denial of a constitutional right. Miller-El v. Cockrell, 537 U.S. 332, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

The Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
January 18, 2006

                                          /s/ Arthur D. Spatt
                                             ARTHUR D. SPATT
                                          United States District Judge